here in December. Our last case is 17-15267, Department of Caldas et al. versus Diageo PLC et al. Mr. Membiela. Thank you, Your Honor. Good morning. May it please the Court. Gustavo Membiela from Hunt & Andrews Kurth on behalf of the appellant intervening liquor companies Diageo PLC, Seagrams Sales Company, and Pernod Ricard. With me at counsel table is my partner, Sam Dannen. Your Honors, a number of issues have been raised in the briefing on this appeal, but I'd like to focus my time here on the second factor set forth in the U.S. Supreme Court Intel versus Advanced Micro Devices case, namely, should the burden to show that a foreign court is receptive to discovery in connection with a 28 U.S.C. 1782 application lie with the applicant. And I want to focus . . . When you address that issue, could you touch upon, whenever you think it's appropriate, whether the district court actually placed a burden or actually looked to evidence presented by both parties on the issue, regardless of who had the burden? Yes, Your Honor, I certainly will address that. And so, we can start there. So, Your Honor, in its opinion, the district court said that, you know, considering that both parties have provided dueling positions with respect to where the burden lied, it was going to consider the . . . and considering the discretionary nature of the determination, the court is inclined to look to both parties to offer support regarding their respective positions on the receptivity issue. And thus, if a party believes a factor militates in its factor, it bears the burden of supporting its position. So, it basically said both parties had a burden? So, that's what it says in its order, Your Honor. And basically, what there are is there's three lines of cases out there. There's a line of cases that puts the burden on the applicants to basically prove receptivity of the foreign court. There is a line of cases out there with Second and Third Circuit cases supporting it that basically places the burden on the party opposing the discovery to actually show non-receptivity of the foreign court. And then, there's a third line of cases with a recent First Circuit case that follows where the district court is that basically both parties can put in some evidence. But really, the underlying question, Your Honors, is whether what's being proved by the burden is an issue of receptivity by the foreign court or non-receptivity by the foreign court. So, basically, where sort of the underlying presumption on the burden lies. And I think if you look at the Intel case in terms of the second factor set out there, what that factor asks court to look at is not only receptivity, but it asks the courts to look at the nature of the tribunal where the case is before and also the receptivity to the evidence. And basically, that's done in order to promote the efficiency, right, under 1782. What we don't want, or I think what the Supreme Court is saying in there and pulling that factor directly from the Senate report when 1782 was passed, is what we don't want is to spend tons of judicial resource and party resources on evidence that's never going to be received by a foreign court, be it because the court is non-receptive to it or because there's actually no case. So, you know, and one of the things, Your Honor, the reason I wanted to focus on this point is in light of the December 6 supplement that the applicants had filed here in this court, which is basically an order from the tribunal in Columbia saying that that tribunal has found that it lacks jurisdiction over their case and asking that the case be reassigned to a different court in Columbia. So is the court, is that case over? It doesn't appear so. You know, I'm not a Colombian lawyer, but it doesn't appear so from the order that the court has asked that, that has basically said to Esponte that it doesn't have jurisdiction. And that really gets to the heart of what we've been arguing here all along and what the magistrate judge found in her report and recommendation is that discovery is really not proper here, Your Honor, under the 1782 applications. Before you go on, since you're talking about the recent submission, doesn't that letter actually show that this case is before at least an administrative body and isn't that Well, Your Honor, that goes in terms of the statutory factors, in terms of whether a case has actually been filed and whether it's for use in a foreign proceeding. But beyond, so you have under the intel, under 1782, it's basically a two-part analysis. There's some statutory factors that need to be met. And then if those statutory factors are met, the court does not need to allow discovery. It basically can then allow discovery after weighing certain additional factors that the forth in the intel. Right. But I had understood you to be contesting that statutory factor and then also saying even if we found that the statutory factors were met, then you had the receptivity issue. It sounds to me like the statutory factors are now satisfied and we're really looking at receptivity. Is that correct? So I think with respect to the one applicant that has found, that has actually filed the case in Columbia, yes, they have filed the case. They would be an interested person with respect to that case. They are attempting to proceed with that case in Columbia. I think what we really take issue with, Your Honor, is the way that it was granted, the application, because here there wasn't just one applicant. The one applicant that filed the case, there were actually four separate departments of Columbia that filed the request for 1782 relief. And only that one is the one that's a party to the case where they filed the supplement on December 16th. Wait, are you arguing, counsel, that the one who is given the authority to go forward, that he can't share those depositions with the other three? Is that the issue of law that you're wanting us to say? Well, Your Honor, I think the issue of law on that point that we would want to say is that basically they were the masters of their application, like any litigant is the master of their complaint. And when they decided to bring it on behalf of all four of them, all four of them should be required to meet the statutory elements. So if each one brought their own, you're saying you have no objection then? With respect to the one that can meet the statutory elements, with respect to that statutory test, if they meet those elements, yes, they can go forward with the 1782, but then the test proceeds to the second part of the analysis under Intel as to whether the discovery should go forward even if you meet the statutory test. Let me dispose of what I hear you're saying, and I want to be sure that I'm mishearing what you're saying, and that is that if any one of these four applicants get to take depositions, are you arguing they cannot share that with the other three? I think absent there being a protective order, Your Honor, I don't think that's the case. I think once you get the discovery, you can do what you will with it. I think I would agree with you on that point. He's asking you whether winning the battle is going to win you the war. Well, I think with, you know, I understand the point fully with respect to that point, but I think really on receptivity I think is where winning the battle, you know, ultimately wins us the war, to use your phrase, Your Honor, because, you know, I think when you look at that, the way that the district court applied the burden on there, even though it said, well, each of you bring evidence in, you know, I think that it can be read, you know, particularly from the way that the court reached its result, that it started from the presumption of non-receptivity. You know, burdens of proof in civil cases usually only matter if evidence is at equipoise. If you're at the 50-yard line and somebody's got to nudge it across. But here, the district court says, the court therefore finds that the departments have set forth at least some authoritative proof regarding the receptivity of the foreign tribunal to the discovery materials sought. So even if the court looked at evidence from both sides, doesn't that language suggest that it found that the departments had met whatever burden of proof they had? So, Your Honor, two issues there. Okay. The first is, the cases refer to this as the burden, so I think that's the term that we've been using throughout our briefing on this. But I think really the underlying, what's at the heart of it, is sort of the starting point, whether you're starting with the assumption of receptivity or the assumption of non-receptivity. And here, and what you have to prove, whether you have to prove receptivity or non-receptivity. And then, on the point of the actual evidence, we are appealing that also, and that's an abuse of discretion, Your Honor, where, with respect to that declaration that the district court relied on, it's a declaration by a Colombian attorney. These parties, you know, this is a longstanding litigation on the underlying facts here that goes back to federal court litigation in New York. That same attorney had submitted a declaration in New York, and we believe that the district court abused its discretion by not giving sort of the inconsistencies in those two declarations their proper weight, or, you know, ignoring what he was saying in the declaration in New York when he basically said, you know, like apparently the court has now found on December 6th, that there wasn't going to be jurisdiction in Colombia to go forward with the claims based on these types of facts that the applicants are seeking to bring a claim on based in Colombia. Well, to be fair, there wasn't going to be jurisdiction in that court, but there would be in the administrative body, right? And I may get that wrong on who exactly it is, but I think that the court that it's before is a superintendency court, and basically what it said is, we don't have jurisdiction, we're sending it back to sort of, you know, the clerk to sort of reassign this to a different court, and then that court is going to have to determine whether or not it has jurisdiction, is the way that I read that. Would there theoretically be new receptivity facts based on that, that the district court would consider? I think, yes, Your Honor. I think that's sort of the underlying problem here with these 72, 82 applications sometimes and why the burden should be on the applicant to prove receptivity, because these things are filed ex parte a lot of time, you know, the original application here was filed ex parte, we had to come in, move to vacate it, whatever, and they can be filed when there's no pending litigation, so it's only a reasonable contemplation of litigation. So it becomes difficult, it becomes in many, you know, sometimes a moving target as to where it is that the court, you know, where the evidence is actually going to be receptive, because there's no, you know, the applicant is the only one that really knows where they're ultimately going to file and try and use this evidence. I know you've run over your time, but I'll tell you, I'm curious where, when Intel says a court presented with a Section 1782A request may take into account, among other things, the receptivity of the foreign government or the court or agency abroad, how do you take from that language a strong burden on really either side, rather than what the district court appeared to do here, which was take all the evidence and consider it as part of the discretionary factors? Well, because I think while the court is saying these are factors that can be considered, the reason that it's given these factors is because it was very clear that there are twin aims underlying this statute, and one of those twin aims is the efficiency of the discovery system that Congress has allowed by enacting 1782. So there has to be an, so there really needs to be an analysis as part of that discretion of the court as to whether this is ultimately going to be used. What is going to happen with this? Why are we going to make non-party witnesses, in this case that haven't been employed by companies for 20 years, sit for depositions, multiples of them, maybe 20 of them at the end of the day in all, once they file all their 1782 applications, when there's no, when this may never be used in Columbia? This is not, this is just a waste of resources. All right. Thank you very much. You've saved your time for rebuttal. Mr. Acevedo? Yes. Good morning, Your Honors. May it please the Court, my name is Charles Acevedo, and I appear on behalf of the applicants at PELIS, the Departments of the Republic of Columbia. Well, Counsel, again, before you get in the full swing of your argument, I would appreciate it if you would explain to me what you believe the result of your December 28 J document that you file, what is your purpose or intent by sharing that with this court, and what does it exactly do? Well, Your Honor, our interest as the Departments of the Republic of Columbia is to provide all of the information to the court which it may find relevant, knowing the . . . Let's get to the short answer. What does it actually do as far as your concern? I know sharing with the court and things like that, but I'm having trouble following what you're wanting us to glean from this document, because in an instance, what I see it saying is that, number one, the preparer of this document is saying, I don't have jurisdiction, but at the same time, it appears to be sending it back to somebody who it believes does have jurisdiction. Okay. Addressing that point specifically, Your Honor, in Columbia, there is a specialized court called the Superintendencia de Industria y Comercio, which we have referred to as the SIC. That is a specialized jurisdiction created under Colombian law to hear specifically cases, in this particular instance, cases relating to unfair competition. Is that this court? That is the court before which the Department of Cundinamarca filed its claim for unfair jurisdiction, and that is the court that issued the order which we have brought before the court on December 6th. Now, that court of specialized jurisdiction then deals with cases regarding who the, irrespective of who the plaintiff is, and dealing with that specific subject matter. However, the court, the SIC, has recently, in a manner that has surprised us, has determined that because of the nature of the departments, because they are creatures of administrative law, Columbia has a French administrative law system, there is a specialized court where issues pertaining to creatures of administrative law, the government, agencies of the government, companies that are more than 50 percent owned by the government, where those issues are litigated before. That is the administrative tribunal, and according to the geographical distribution, the administrative tribunal of Cundinamarca. The decision of December 6th, your honor, was a decision by the SIC saying, because of the nature of the plaintiffs here, we are going to remit this to the administrative tribunal of Cundinamarca so that they handle the case. What was sent to the administrative tribunal of Cundinamarca for what is called reparto, which is the assignment to a particular judge to further the proceedings. First of all, the departments have filed a motion for reconsideration. The jurisprudence in the Republic of Columbia is a mile deep where, as plaintiffs, the sovereign can choose to go before the SIC or go before the administrative courts. Well, and your point being as to this case? Is that it has no effect, your honor. It has no effect because the claim is still pending. And in the order and the translation that we provided for the court, your honor, it is very clear that the SIC is stating that this decision does not affect the previous decisions of this court, including the decision to admit the case to the court. Your bottom line position is that somewhere in Columbia, in some tribunal, there is a proceeding involving the Department of Cundinamarca. That is correct. And while it is still technically before the SIC, we have moved for reconsideration and subsidiary and appeal for the decision to declare that there is no jurisdiction. Either the cases will be pending before the SIC, if we prevail, or it will be pending before the administrative tribunal of Cundinamarca, which is a tribunal as any other, which would then reach the ultimate merits of the case that we have brought for unfair competition. Well, and that goes then back to a question that was asked opposing counsel then. The receptivity, is that going to have to be re-decided? No, your honor. Why? Because, first of all, receptivity is, in the case of Columbia, is something that if you look to how the receptivity factor was enunciated by intel, if you look to how Judge Scola has measured these factors that were enunciated by intel, receptivity is a factor to be considered. And what Judge Scola has done in a fair, principled, and even-handed decision was to look to both sides for evidence on the receptivity factor, and he determined that Colombian judges would be receptive to the evidence that was sought here because of the authoritative evidence that we had provided to the court. The appellants provided none on the receptivity factor, and measuring the issues, the court decided to look to both. That comports with this court's ruling in Clerici, where the court looked to both sides, to the full record, to determine what the evidence was on the second intel factor. And it also comports, importantly, your honor, with intel, where intel, the court was urged to provide a rule of application, to provide some definition to these factors, and the court specifically declined. And it is clear to us, your honor, that in cases in 1782 that may come before the court, there may be many factual scenarios where it is appropriate on those facts to look to the applicant, perhaps, to show that the foreign tribunal would be receptive. And that was the holding, for example, in the Green Development Corp case that is cited in our papers, where the case was pending, yes, but it was before the Supreme Court of the foreign jurisdiction, and in that case, the court felt it appropriate to request that the applicant demonstrate that the foreign tribunal, the Supreme Court, would indeed take cognizance of the evidence. That is not the issue here, of course, where we are before and at the very beginning of the proceedings, but we're before a trial court, which, of course, will take evidence. And it was also the ruling, the decision to look to the applicant was also appropriate on facts such as Enrico Visto, which this court ruled upon, in which, on the facts of that particular case, the court ruled that it was appropriate to look to the applicant for some evidence that, in that case, the Canadian Law Society would accept the evidence that was being sought. However, both of those, your honor, are examples of the proper exercise of discretion, which is counseled by intel, which says that without providing a bright line rule, the courts should consider these factors and may take them into account. That is utter and broad discretion to be exercised with reason on a fair and principled basis, which is what Judge Scola has done. He has, as was mentioned previously here, he has looked to both sides to provide evidence on the receptivity factor. And in that scenario, he found that we, the applicants, had provided authoritative evidence and they had provided none and found that the balance of the analysis was that the second factor weighed in our favor. My friend, Mr. Mimbiella, raises a point that the declaration of our expert, Mr. Miranda, was somehow inconsistent with his declarations in previous litigation in New York amongst these parties. And it could not be, we could not disagree more on that, your honor. In New York, Mr. Miranda opined that over a RICO case, which is what the New York case was under civil RICO, that that case could not be brought in Columbia. No surprise there. What he did say was that, and I'm going to quote from his affidavit there, in some, I believe that if the petitions of the complaint or some of them are presented to Colombian judges based on unfair competition, they would surely take cognizance of the case since some of the effects of the conducts described took place in Columbia. That is not an inconsistent statement. That is not Mr. Miranda saying an unfair competition claim or the pieces that would make up an unfair competition claim of the RICO case in New York cannot be presented to the Colombian judges based on unfair competition. He's saying the exact opposite. In that sense, it is a prior consistent declaration and that is a point that is repeatedly overlooked by my friend, Mr. Mimbiela. Another point that I'd like to bring before the court is Mr. Mimbiela mentioned that there should be an assumption of receptivity, that there should be, that it's not clear as to whether or not the court should require that the parties prove that there is receptivity or that there isn't receptivity. As we have mentioned, as I have mentioned before, we believe that that is something that should be properly determined within the discretion of the district court's exercise based on the specific facts in front of him. When you think, but that's a decision you make ex ante, right? Whether or not you, the burden of proof question is different from a presumption question. You can put the burden of proof on one party or another, but you may operate with or without any free pre-standing presumption. In other words, you can say, I presume that there's no receptivity burden on you to show otherwise or you can say, I don't have any presumption one way or another about receptivity, your burden to prove that there is or there isn't. Those two things are not necessarily intertwined, are they? You are correct, Your Honor. However, the point I'm going to, or I'm trying to make is that in the case of some applicants, in the case of some courts, in the case of some foreign courts, there is presumptive evidence that they would be receptive and it is whether or not they are members of the Hague Convention on Taking Evidence Abroad. In this particular case, this particular foreign tribunal is a part of the Republic of Columbia, which as of 2013 is a member of the Hague Convention on the Taking of Evidence Abroad and other courts have found that that is presumptive evidence, that they would be receptive to evidence gathered pursuant to 1782. What I'm trying to point out, Your Honor, is that in addition to the factors that can be on both sides, in this particular case and in this particular instance, there can even be a presumption because Columbia is in fact a member of the Hague Evidence Convention on the Taking of Evidence Abroad. Not only do I point to the broad discretion of the district court, which was exercised in this particular case by looking to both sides for evidence on the particular point of receptivity, but also that in this case there is another element, which is that there could even be a presumption, which has been found in other cases to inform the court that without any other evidence, the fact that they're requesting the tribunal before which the evidence is to be produced is a tribunal of a country that is a member of the Hague Convention on Taking Evidence Abroad, is something that could inform the court as well. One final thing, Your Honor, is that regardless of what the line of rationale is that is ultimately espoused by the court, be it the line of reasoning that is espoused by the First Circuit in its recent decision that we brought before the Court in a 28-J letter a few months ago, the Slitch case, the Ninth Circuit in Nikon, the Eleventh Circuit here in its previous ruling in Enrique Clerici, which only very briefly covered this particular point, but other circuits have found that the burden is on the respondent to show that the foreign tribunal would be unreceptive. Those circuits, principally following the Second Circuit's lead in the Europe Meta case are the Second, Third, Fifth, and Seventh, Your Honor. Under either of these, whether the burden is on both, calling it a burden, whether the parties called to provide evidence on the factors are both, whether the burden is on the respondent, both of those favor the applicants here and would urge and would counsel affirmance of the order below because under either of those, we have met that burden of proof or we have met the rationale of the court or the needs of the court to have evidence on this. There is no line of cases, Your Honor, that places the burden consistently on the applicant. But even if that is the decision of this court, Your Honor, there would be no cause for remand because even if that is the rule enunciated by this court, we meet that burden as well. All right, Mr. Restovedo, thank you very much. Thank you. A couple of brief points, Your Honors. With respect to the Londoño declarations that are at issue in this case, the first Londoño declaration was submitted in a RICO case in New York. I'd just like to highlight the second part of the paragraph that Mr. Restovedo didn't read where Mr. Londoño in New York says, but the submission of evidence that would determine the outcome of the litigation cannot be successfully carried out due to the practical limitations to which the consular officials are subject in foreign countries and to other processes of gathering evidence. So at a minimum, Mr. Londoño created a credibility and an estoppel issue by submitting the two declarations, one in New York to prevent the case from being transferred on a forum non-convenience motion back to Colombia, and then now that the case is in Colombia, taking the position that it can properly be there, and that credibility issue should have been weighed by the court and not weighing it was an abuse of discretion, and I would point this court . . . You didn't present any evidence on the receptivity issue? Well, we did present evidence by noting Mr. Londoño's declaration that had been filed in New York, and I think, Your Honor, part of the issue there is going back to the question that I was previously asked is it's hard to present evidence of receptivity when you don't know where the case is ultimately going to be litigated, and our position would be that by creating that issue of material fact . . . or, I'm sorry, by creating that issue of . . . with respect to the two declarations, that should have been weighed, and I would point this court to the Fervey Credit Swiss decision where it did that in a 1782 application on the issue of abuse of discretion. And here, going back to that point of the evidence, I think if we go back to the magistrate's report and recommendation, the part of her report and recommendation on the second factor that was not accepted by the district court is she said, I can't weigh the second factor here because there's no case pending. And so I think that goes to the point of, you know, other than pointing to the inconsistency in what their evidence is, you know, they should have, you know, under the situations, they should have had to affirmatively shown receptivity here. I think this is the type of case where, you know, Ms. Rosavero said, you know, there are cases where the applicant should have to show receptivity. Okay, well, this, you know, we would posit this is the type of case. There's no case pending. Nothing's been filed. I think, you know, he refers to the Inter Re Clarice decision of this court. And I think what's important to look at in that case is that was an application made by the Panamanian court itself. And I think that's an important sort of distinction within the 1782 statute is that there's two really types of groups of people that can ask for relief under 1782. You can have the foreign tribunal directly come in under the Hay Commission or some other letter of regulatory and ask for evidence, but you can also have interested people come in and ask for evidence. And when you have an interested person come in and ask for evidence, they should have that burden of actually proving that they're going to be able to use this so we're not wasting judicial resources. The 1782 applications, as I'm sure the court is aware, are becoming more and more frequent, you know, in federal courts in the U.S. And I think it bears clarifying exactly where that, you know, you know, for lack of a better term, burden, where that presumption of receptivity or non-receptivity lies. And I think... It sounds... I'm going to interrupt you because it sounds like a moment ago you said that the items that you put in, the declarations, should have been weighed, but then you also said that the other side should have the affirmative burden of proving receptivity. And now I think you've said a number of different things, which... Under what standard should a court, in your view, make the receptivity decision? Does the other side have a preponderance of the evidence proof level, a beyond a reasonable doubt, clear and convincing evidence? What is it that you would have district courts apply here? So I think that the standard that's been used by some of the other circuits is authoritative proof, and I think that's, I think, what we would positive is that the applicant should come forward with authoritative proof that, you know, with respect to this factor. And the factor isn't just on receptivity, you know, if we look at the Intel decision, it talks about, you know, taking into account the nature of the foreign tribunal, the character of the proceedings underway, and the receptivity of the foreign government. So I think, you know, and I think the reason that it's outlined that way would be because, you know, there are cases where there may not be a tribe, you know, there may not be a case pending. And so it's important to understand where the applicant ultimately wants this discovery to be used, and since they're the ones asking for relief, since they're the ones that, you know, know where this case is going to be pending, if it hasn't yet, hasn't, hasn't yet been filed, they should have that burden by authoritative proof to show that there is going to be receptivity in the type of tribunal where they intend to use it, and the nature. Now, where I've seen the phrase authoritative proof, that's been, of course, requiring the opponent of the discovery to show authoritative proof. Which cases have required the proponent of discovery to show authoritative proof? I think the ones that do relate to authoritative proof are the cases from the Second and the Third Circuit where the issue is showing non-receptivity, you know, where you start from the presumption of receptivity, and that the court is asking the party opposing discovery to show non-receptivity. I think that's right. But I think that language has, and I can't point to a particular case, but that language of authoritative proof permeates the 1782 cases throughout, beyond just those in line with the Second and Third Circuit cases. You're saying that while the Second and Third Circuits have said we should require, that we require the opponent to show authoritative proof that the foreign tribunal would not be receptive, that we here in the Eleventh Circuit should require the proponent of the discovery to show authoritative proof that it would be accepted? I think that would be in line with the aims of efficiency under the statute, yes, Your Honor. All right. Thank you very much, Mr. Mimbiela. Thank you, Mr. Acevedo. All right. That wraps up our week, and court is in recess.